UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYRIAM ZAYAS,

                Plaintiff,

    v.

ROBERT ENSLEE,

                Defendant.

CASE NO. 3:24-cv-05346-TL

ORDER OF DISMISSAL WITH LEAVE TO AMEND

This case arises from Plaintiff Myriam Zayas's claims regarding collection of Title IV-E funding on behalf of her children. This matter is before the Court on its own motion. Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

On May 6, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate

1   Judge Grady J. Leupold specifically noted that "based on the allegations in the proposed

2   Complaint, it does not appear Plaintiff has adequately stated a claim." Dkt. No. 4. Plaintiff's

3   Complaint was subsequently filed on the docket. Dkt. No. 5.

4        The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute,

5   the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be

6   granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th

7   Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by

8   prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under

9   28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of

10  Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014)

11  (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual

12  allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*,

13  504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the

14  complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

15  U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without and attorney), courts must

16  construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir.

17  2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not

18  supply essential elements of the [*pro se*] claim that were not initially pled." *E.g., Henderson v.*

19  *Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation

20  omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019)

21  ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*,

22  809 F.2d 1446, 1448 (9th Cir. 1987))).

23        Here, Plaintiff's complaint lacks sufficient factual detail to plausibly state a claim.

24  Plaintiff specifically asserts federal question jurisdiction under 42 U.S.C. § 1983, which allows

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 2

claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Plaintiff claims, without providing any supporting details, that she has been deprived of her property without due process of law through the collection of Title IV-E funding on behalf of her children despite not having signed the relevant paperwork. *See* Dkt. No. 5 at 3–4. For example, Plaintiff does not provide any factual details as to the amount of money collected pursuant to Title IV-E, what paperwork she asserts needed to be signed in order for the government to collect Title IV-E funding and which of that paperwork she did not sign, or whether any of her children are currently in Title IV-E foster care. *See generally* Dkt. No. 5. Again, without providing any factual details to support her claims, Plaintiff asserts that Defendant "has committed, and/or is committing, acts of fraud and forgery in relation to filing claims for federal funding . . . . by not having the required signature of the parents but filing anyway and collecting funds that are not for their intended purpose." *Id.* at 5. Plaintiff further claims without any support that Defendant "remov[ed] my children just so DCYF employees can illegally gain access to funding." *Id.* These conclusory statements are insufficient to state a claim without additional factual details.

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* Here, all Plaintiff offers are conclusory statements to support threadbare, and substantively incomplete, recitals of some elements of her claims. The Court, therefore, FINDS that Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore GRANT Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief by **no later than Friday, August 9, 2024**. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Dated this 3rd day of July 2024.

Tana Lin
United States District Judge