UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>                        Plaintiff,<br>     v.<br><br>ROBERT ENSLEE,<br><br>                        Defendant. | CASE NO. 3:24-cv-05346-TL<br><br>ORDER ON MOTION TO DISMISS |

This case arises from the collection of federal funding pursuant to Title IV-E of the Social Security Act, 42 U.S.C. §§ 470–479B, for Plaintiff's child who was placed into foster care. This matter is before the Court on Defendant Robert Enslee's motion to dismiss. Dkt. No. 15. Having considered Plaintiff's response (Dkt. No. 18) and the relevant record, the Court GRANTS Defendant's motion.

## I.    BACKGROUND

On May 6, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted and her complaint was

1    subsequently filed on the docket. Dkt. Nos. 4 (order granting IFP), 5 (complaint). Upon review

2    of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismissed Plaintiff's

3    complaint as lacking sufficient factual detail to plausibly state a claim. Dkt. No. 6.

4         Plaintiff filed an amended complaint on August 7, 2024. Dkt. No. 7. In her complaint,

5    Plaintiff alleges that Defendant, by and through a subordinate employee, improperly filed for

6    Title IV-E funding related to Plaintiff's two children in foster care. *See id.* at 4. Plaintiff contends

7    that one of her children has been improperly removed from her custody due to Defendant's

8    failure to add Plaintiff as a party to a state court case. *Id.* at 5. She alleges that Defendant "knows

9    or reasonably should have known that [RCW 26.44.053(3)] provides Plaintiff[']s rights are being

10   violated actively by judges in King County Superior Court and does not report these crimes to

11   the proper authorities." *Id.* As to Plaintiff's second child, Plaintiff alleges that she "won her

12   termination trial as her child's attorney in July 2022," after two years of the child "being

13   withheld from Plaintiff[']s custody, care, and control." *Id.* She asserts that Defendant "lacked

14   Plaintiff[']s signature and consent on the shelter care hearing order, dependency order, [and]

15   dependency order review," despite federal and state law requiring her signature on those

16   documents. *Id.*

17        Plaintiff alleges that the removal of her two children is part of a larger scheme by

18   Defendant and his subordinate employees to misapply Washington state law and remove children

19   from the custody of their parents, thereby allowing Defendant to apply for Title IV-E funding on

20   behalf of those children. *See generally id.* at 5–6. She alleges that Defendant misapplies RCW

21   13.34.030(6) by interpreting subsections (a)–(d) as a "list," which Plaintiff contends is

22   incorrect—she argues that "[t]he only time any state official is allowed to remove a child is when

23   there is no parent physically present." *Id.* at 6.

24

Plaintiff seeks relief under 42 U.S.C. § 1983 and for violation of her First and Fourteenth Amendment rights. *Id.* at 7, 10. She seeks compensatory and punitive damages. *Id.* at 11. Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternately, for failure to state a claim pursuant to Rule 12(b)(6). *See* Dkt. No. 15.

## II.    LEGAL STANDARD

A motion to dismiss may be brought where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(b)(1). The Court must dismiss a case if it determines that it lacks subject-matter jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3).

A motion to dismiss for lack of subject-matter jurisdiction may be either a facial attack (challenging the sufficiency of the pleadings) or a factual attack (presenting evidence contesting the truth of the allegations in the pleadings). *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "When reviewing a [facial] dismissal pursuant to Rule 12(b)(1) . . . , 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (second alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States,* 859 F.3d 1152, 1156–57 (9th Cir. 2017)). However, "[i]f the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolfe*, 392 F.3d at 362 (quotation and citation omitted). When addressing a factual attack, a court may consider evidence outside of the complaint without converting the motion to dismiss into a motion for summary judgment. *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1151 (9th Cir. 2019) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

### III.    DISCUSSION

**A.    Standing under Rule 12(b)(1)**

Defendant argues that this Court lacks jurisdiction "because Plaintiff has not pleaded facts sufficient to establish the existence of an injury, much less one caused by Defendant's actions." Dkt. No. 15 at 6.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "Standing" examines whether a plaintiff is entitled to bring their claims before the court. *See Perry v. Newsom*, 18 F.4th 622, 630–31 (9th Cir. 2021). For a plaintiff to have standing to bring a lawsuit, they must demonstrate an injury that is "concrete, particularized, and actual or imminent" (also known as the "injury-in-fact"), that the injury is "fairly traceable to the challenged action," and that such injury is "redressable by a favorable ruling." *Clapper*, 568 U.S. at 409. For an injury-in-fact to be "concrete," the injury "must actually exist" and be "particularized," and the injury must affect the claimant "in a personal and individual way." *Perry*, 18 F.4th at 631 (quoting *Spokeo v. Robins*, 578 U.S. 330, 1548 (2016)). The second element, traceability, demands that there be "a causal connection between the injury and the conduct complained of." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff "bear[s] the burden of pleading and proving concrete facts showing that the defendant's action has caused the substantial risk of harm." *Clapper*, 568 U.S. at 414 n.5. A "speculative chain of possibilities" or "speculation about 'the unfettered actions made by independent actors not before the court'" is insufficient to establish traceability. *Id.* (quoting *Lujan*, 504 U.S. at 562). The final element, redressability, requires that a plaintiff seek a

1    remedy that will give them relief from the alleged injury. *See Uzuegbunam v. Preczewski*, 592

2    U.S. 279, 282 (2021).

3            Defendant first argues that "Plaintiff has no legally protected right to sue over the

4    spending of Title IV-E federal funds by the State and lacks injury within the zone of protected

5    interest." Dkt. No. 15 at 7. Title IV-E of the Social Security Act provides for federal funding for

6    "foster care maintenance payments, adoption assistance payments, related foster care and

7    adoption administrative and training expenditures, and the independent living services program"

8    administered by individual states. *See* 45 C.F.R. § 1356.10; *see also Native Village of Stevens v.*

9    *Smith*, 770 F.2d 1486, 1487 (9th Cir. 1985). Plaintiff contends that the improper collection of this

10   funding constitutes an injury-in-fact. *See* Dkt. No. 17 at 4.

11           But Plaintiff does not explain how *she* was injured by the State's collection of *federal*

12   funding. Standing cannot be conferred by Defendant's collection of federal funding without

13   Plaintiff's notice or consent, because Plaintiff has not made any allegations that she was entitled

14   to notice of the collection of Title IV-E funding or was required to consent to the collection of

15   such funding—nor could she, as no notice or consent requirement by biological parents for the

16   collection of Title IV-E funding appears in the requirements applicable to Title IV-E. *See*

17   *generally* Dkt. No. 7; 45 C.F.R. §§ 1356.10–.86. Further, the federal reimbursements are for a

18   percentage of the cost of providing maintenance payments for children who are removed from

19   their homes and placed in foster care, but the claims for this funding are not submitted in the

20   name of any individual child. Dkt. No. 15 at 7, 45 C.F.R. §§ 1356.10–.86. And Plaintiff's

21   standing cannot arise from her status as a taxpayer, as the Supreme Court has held that the

22   expenditure of public funds in an allegedly unlawful manner is not an injury sufficient to confer

23   standing, even where the plaintiff is a taxpayer. *See Valley Forge Christian Coll. v. Ams. United*

24   *for Separation of Church and State, Inc.*, 454 U.S. 464, 477 (1982). Finally, Plaintiff's standing

1    could not stem from any financial harm to herself, as she has made no allegations that the State

2    attempted to garnish her wages or otherwise attempt to seek reimbursement from her for any

3    costs related to her children's foster care. *See generally* Dkt. No. 7.

4            Because Plaintiff also makes allegations as to the impropriety of the dependency

5    proceedings for her children, the Court addresses whether standing may derive from any alleged

6    termination of Plaintiff's parental rights. *See* Dkt. No. 17 at 5 ("Defendant's role in [the

7    termination] proceedings has had a direct and adverse effect on my parental rights."). First, as

8    Defendant points out (Dkt. No. 15 at 8), any judicial review of the state dependency proceedings

9    referenced by Plaintiff (*see* Dkt. No. 7 at 7) is barred by the *Rooker-Feldman* doctrine, which

10   "prevents federal courts from second guessing state court decisions by barring the lower court

11   from hearing de facto appeals from state court judgments." *Zayas v. Walton*, No. C22-18, 2022

12   WL 1468997, at *3 (W.D. Wash. May 10, 2022) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895,

13   898 (9th Cir. 2003)). The *Rooker-Feldman* doctrine bars federal lawsuits seeking to overturn

14   state judgments. *Id.* Thus, any injury to Plaintiff arising from the dependency proceedings in

15   state court cannot form the basis for standing in this action. *Id.* ("To the extent that Plaintiff is

16   challenging the termination of her parental rights and that decision is final, then she is seeking

17   a *de facto* appeal of the sort that *Rooker-Feldman* forbids."). Finally, the availability of Title IV-

18   E funding is not related to the dependency proceedings for any particular child—its availability

19   is dependent on the State's ability to develop compliant programs for foster care and adoption as

20   a whole. *See* 45 C.F.R. § 1356.10.

21

22

23

24

1    Accordingly, Plaintiff has not alleged any cognizable injury sufficient to confer standing

2  in this case. The Court therefore lacks subject-matter jurisdiction over Plaintiff's claims, and

3  Defendant's motion to dismiss under Rule 12(b)(1) must be granted.[1]

4  **B.    Whether Amendment is Futile**

5    This motion is before the Court on Plaintiff's amended complaint. *See* Dkt. Nos. 5

6  (complaint), 7 (amended complaint). "If a complaint is dismissed for failure to state a claim,

7  leave to amend should be granted unless the court determines that the allegation of other facts

8  consistent with the challenged pleading could not possibly cure the deficiency." *Or. Clinic, PC v.*

9  *Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073 (9th Cir. 2023) (citing *Schreiber Distrib. Co. v.*

10  *Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). However, when a district court

11  has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to

12  amend is "particularly broad." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.

13  1999). The Court may deny leave to amend if the proposed amendment is futile or would be

14  subject to dismissal. *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir.

15  2011). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is

16  entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal

17  of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

18    Here, the Court has already provided Plaintiff with notice of the complaint's deficiencies.

19  Dkt. No. 6. The Court previously determined that Plaintiff did not provide factual details as to

20  any monetary losses she may have suffered or Defendant's relation to any injury she alleges to

21  have suffered. *See id.* at 3. Further amendment would be futile. To the extent that Plaintiff's

22  claims arise form the final state dependency proceedings, they are barred by the *Rooker-Feldman*

23

24  [1] Because the Court has determined it does not have jurisdiction over this action, it may not address Defendant's Rule 12(b)(6) challenges to Plaintiff's claims.

doctrine and amendment would be futile. Accordingly, it is appropriate to dismiss Plaintiff's claims with prejudice.

## IV.    CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss. Plaintiff's complaint is DISMISSED with prejudice.

Dated this 20th day of February 2025.

Tana Lin
United States District Judge